UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   Case No. 8:11-cr-128-T-17MAP

ANTORRIO WILLIAMS

## FINAL JUDGMENT OF FORFEITURE

THIS CAUSE comes before the Court upon the filing of the Motion by the United States for a Final Judgment of Forfeiture, pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), for the 2006 Infiniti Q56, VIN # 5N3AA08C66N805788.

Being fully advised in the premises, the Court finds that on October 12, 2012, a Preliminary Order of Forfeiture was entered, forfeiting to the United States all right, title, and interest of defendant Williams in the asset, pursuant to 21 U.S.C. § 853. Doc. 61.

The Court further finds that the forfeiture was included in the Judgment in a Criminal Case. Docs. 60 and 64.

The Court further finds that in accordance with the provisions of 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(b)(6)(C), the United States published notice of the forfeiture and of its intent to dispose of the asset on the official government website, www.forfeiture.gov, from October 15, 2012 through November 13, 2012. Doc. 67. The publication gave notice to all third parties with a legal interest in the asset to file with the Office of the Clerk, United States District Court, Middle

District of Florida, Sam Gibbons Federal Courthouse, 2nd Floor, 801 North Florida Avenue, Tampa, Florida 33602, a petition to adjudicate their interest within sixty (60) days of the first date of publication.

The Court further finds that United States sent Maxine William-Salter and JP Morgan Chase, via certified U.S. mail, Notices of Forfeiture. The Notices of Forfeiture instructed them that, pursuant to 21 U.S.C. § 853(n)(2), they had 30 days from the receipt of notice in which to file a claim.

The Court further finds that the United States and JP Morgan entered into a Stipulated Settlement Agreement. The parties agree that upon entry of a Final Order of Forfeiture, and solely from the proceeds of the sale of the property (to the extent that there are sufficient proceeds), after the deduction of government expenses relating to the seizure, maintenance, custody, publication, marketing, and sale of the property, it will pay JP Morgan Chase. Doc. 72.

The Court further finds that no people or entities, other than the defendant Williams, whose interest was forfeited to the United States in the Preliminary Order of Forfeiture, and Maxine Williams-Salter and JP Morgan are known to have an interest in the asset. No third party other than JP Morgan, whose interest has been settled, has filed a petition or claimed an interest in the asset, and the time for filing a petition has expired. Accordingly, it is hereby

ORDERED, ADJUDGED, and DECREED that for good cause shown, the United States' motion is GRANTED.

It is FURTHER ORDERED that pursuant to the provisions of 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), all right, title and interest in the asset is CONDEMNED and FORFEITED to the United States for disposition according to law.

Clear title to the asset is now vested in the United States of America.

DONE and ORDERED in Tampa, Florida, this 30th day of January, 2013.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

3